## SUPREME COURT.

The People *ex rel.* Clark F. Whittemore agt. James M. Seabury, treasurer of the county of Kings.

The *clerk of the city court of Brooklyn,* whose compensation for services is fixed by law at an annual *salary,* and who is to receive the same fees for his services in *civil cases* as provided for similar services by the county clerk, and shall pay such fees to the county treasurer of Kings county, has no authority to retain in his hands as his own, the fees received by him for the *naturalization of aliens.*

*Brooklyn General Term, February,* 1862.
Emott, Lott and Brown, *Justices.*
Motion for a peremptory mandamus.

C. F. Whittemore, *relator, in person.*
P. S. Crooke, *for James M. Seabury.*

By the court, Brown, Justice. The relator, Clark F. Whittemore, was the clerk of the city court of Brooklyn, and prosecutes this writ of mandamus against the defendant, who is the treasurer of the county of Kings. The defendant refused to pay the relator his salary as fixed by the board of supervisors of the county. It is not disputed that the services of the relator have been rendered, and the salary earned. The real ground of controversy is certain fees for the naturalization of aliens, which the defendant has received in the course of his official duty for ser-

vices as such clerk, which he retains in his hands, and refuses to account for and pay over to the county treasurer. These fees the relator claims as his own, and has a right to retain them for his own use in addition to his salary.

It appears by the alternative writ of mandamus and the defendant's answer thereto, which is not controverted, that the relator's claim has been duly demanded from the board of supervisors, and that on the 29th June, 1861, they adopted a resolution directing the county treasurer to pay the relator's bill of $2,213.33, whenever he should make and furnish an affidavit that he had paid to the treasurer all the fees and fines, either in civil or criminal cases, including naturalization fees, which the relator or his deputy has received during his term of office. It also appears by the return, that the relator refused to furnish such affidavit, and that he claims as his own, and retains in his own hands, and refuses to pay over to the county treasurer, a large amount of fees received by him as such clerk, during his term of office, in cases for the naturalization of aliens, and that therefore the treasurer refused to pay the salary when it was demanded.

The statute declares that the clerk of this court shall receive the same fees for his services in civil cases, as provided for similar services by the county clerk, and shall pay such fees to the county treasurer of Kings county. (*Laws of* 1850, *p.* 148, § 7.) By section 25 of the same act, he is to be paid an annual salary by the county treasurer, in quarterly payments, to be fixed and determined by the supervisors of Kings county. The fees which the board of supervisors insist shall be paid into the treasury, and which the relator claims a right to retain as his own property, are those received by him for the naturalization of aliens. The primary distinction in the classification of the business of the courts is into civil and criminal cases. This distribution includes all business of every description. There are no mixed cases partly civil and partly criminal.

Crimes are offences against public order, punishable by fine or imprisonment, or both, and in rare instances by a severer penalty. And criminal cases are those proceedings in which crimes are investigated and punished. The distinction to which I refer is too broad to admit of any doubt. Civil cases doubtless include actions so denominated and defined by the Code, as well as a great variety of other proceedings which lack the qualities and attributes strictly of actions. These latter, however, have none of the properties of criminal cases. When the act speaks of fees in civil cases, the terms are to be construed as synonymous with civil proceedings; that is, proceedings not criminal, or instituted with the purpose of punishing for crimes. The forms and orders and acts by which an alien is admitted to the rights of citizenship, is a proceeding in a civil case; or it cannot be classified. There is no other class or order in which it can be enumerated. The relator himself had adopted and followed this construction, for by charging and receiving the fees in dispute, he treats them as fees in civil cases. The act of the 6th of April, 1844, defines and fixes the fees which " the several clerks of the courts of this state which by law have jurisdiction in cases of naturalization," shall be entitled to demand. But the right of the relator to take fees in any case, is given by the act " to establish courts of civil and criminal jurisdiction in the city of Brooklyn," and the act amendatory of the same, passed March 28th, 1850. By the 7th section, as I have already said, he may take the same fees in civil cases as is given to the county clerk for similar services. We are, however, to look at the question in connection with that provision of the 25th section which declares the clerk shall be paid for his services, not by the fees he may receive, but by an annual salary to be fixed and determined by the board of supervisors, and paid by the county treasurer in quarterly payments. This provision necessarily excludes the idea that he is to be paid in

any other way, or take anything else. The annual salary is the measure of his yearly compensation, and without express authority he has no better right to take the fees in question than the judge, crier, or officer of the court. They are not his because they are denominated clerk's fees.

Whatever fees the relator retains in his hands, and referred to in the return to the alternative writ, are the property of the board of supervisors, and the source, or one of the sources, from which they are to pay the relator's salary. And as the court may exercise a discretionary power, as well in refusing as in granting a peremptory writ of mandamus, we think the judge at special term did right to deny the motion under the circumstances disclosed in the papers.

Order should be affirmed, with costs.